[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, the state of Ohio, appeals from the judgment of the Hamilton County Municipal Court granting defendant-appellee Arnita Larkin's motion to suppress evidence. In a solitary assignment of error, the state urges that the lower court erred by granting Larkin's motion to suppress. The assignment is unpersuasive.
At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See,e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, citing State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583; see, also, State v. Williams
(1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594,621 N.E.2d 726. Accepting those properly supported facts as true, we must then independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States
(1996), 517 U.S. 690, 116 S.Ct. 1657; State v. Klein
(1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141;Williams and Guysinger, supra.
Our review of the record convinces us that the trial court's decision was supported by competent, credible evidence and was not contrary to law. The state failed to adduce any evidence at the suppression hearing to demonstrate that the arresting officer had any basis in law to stop Larkin's vehicle. Accordingly, the judgment of the lower court granting the motion to suppress the evidence that was obtained as result of that stop is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER,JJ.
To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________________.
Presiding Judge